## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

WILLIE LEE SHAW, JR.                                          PLAINTIFF

v.                                          CIVIL ACTION NO. 5:07CV-P35-R

CARLTON WORLEY *et al.*                                          DEFENDANTS

### MEMORANDUM OPINION

Plaintiff, Willie Lee Shaw, Jr., filed this civil rights action under 42 U.S.C. § 1983 (DN

1). The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore*

*v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will

dismiss this action in its entirety.

### I.  SUMMARY OF CLAIMS

Plaintiff is a convicted inmate previously incarcerated at the Kentucky State Penitentiary

("KSP") in Eddyville, Kentucky. Plaintiff has filed the instant action against the following KSP

employees: Guard Carlton Worley, Administrator Joel Dunlap, Grievances Director Patti Treat,

Guard Craig Campbell, and Airmart Food Supply. All of the Defendants are sued in both their

individual and official capacities. Plaintiff alleges that he suffered numerous constitutional

violations by these Defendants.[1] Plaintiff is seeking five million dollars in compensatory

damages and five million dollars in punitive damages from each Defendant in addition to an

injunction prohibiting Defendants from violating his civil rights.

### II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer or employee, the trial court must review the complaint and dismiss the action if the court

---

[1]The Court will address the specifics of Plaintiff's claims in the analysis section of this
memorandum.

determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

## III.  ANALYSIS

### A.  **Official Capacity Damages Claims**

Plaintiff's official capacity claims for damages will be dismissed on two bases. First,

Defendants, as state officials and employees sued in their official capacities for damages, are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, Defendants are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacities for monetary damages. *Will*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (same). Consequently, Plaintiff's official capacity claims for damages against Defendants must be dismissed.

## B.     Injunctive Relief Claims

Since filing this complaint Plaintiff has been transferred from KSP to the Little Sandy Correctional Complex in Sandy Hook, Kentucky. An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Here, Plaintiff is seeking injunctive relief against employees of KSP. However, Plaintiff is no longer incarcerated at that institution. It is clear that Plaintiff would derive no benefit from granting the requested relief, and his injunctive claims must be dismissed.

C.      **Defendant Worley**

According to Plaintiff,

On 22 Dec., 23 Dec., and a minimum of three additional dates, racist, peon, religious discriminating guard Carlton Worley . . . did on five (5) different occasions at minimum . . . ransack my personal belongings, did unlawfully destroy my personal property, mix together my legal papers, and left my belongings scattered all over in total disarray. Additionally, Worley did "plant" a razor blade where I was residing, and on several occasions did push me and bump me with his shoulder without provocation to get me to be charged with assaulting him (which I was not stupid enough to do). My belongings were (by their rules) supposed to be returned to the way they were prior to the searches. The above violations were racially and religiously motivated considering what Worley said. This violated search and seizure (4th amendment) (Ky § 10); 14th Amendment Equal Protection and Due Process; 6th Amendment Compulsory Process; and 8th Amendment Cruel and Unusual Punishment.

1.      **Fourth Amendment**

The Fourth Amendment provides, in part: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV. While Plaintiff's invocation of the Fourth Amendment's protection is understandable, he does not state a viable Fourth Amendment claim. *Hudson v. Palmer*, 468 U.S. 517, 528 n.8 (1984).

In *Hudson*, an inmate brought an action under § 1983 claiming, in part, that the destruction of his personal property during a search of his cell violated his Fourth Amendment right to be free from unreasonable searches and seizures. In rejecting the inmate's claim, the Supreme Court stated that a prisoner does not possess "any subjective expectation of privacy . . . in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches and seizures does not apply within the confines of the prison cell." *Id.* at 526. The same rationale applies to a prisoner's argument that destruction of his property constituted an unreasonable seizure in violation of the Fourth Amendment. *Id.* at 528 n.8. Though the Fourth

4

Amendment provides no remedy to an inmate with such a claim, the Court notes that an inmate is not without relief. "That the Fourth Amendment does not protect against seizures in a prison cell does not mean that an inmate's property can be destroyed with impunity . . . . An inmate may seek redress under the Fourteenth Amendment provided that he has shown the inadequacy of the state remedies." *Id.* Thus, Plaintiff has failed to allege a cognizable Fourth Amendment claim against Defendant Worley.

### 2.      Section 10 of the Kentucky Constitution

Section 10, Ky. Const., provides:

> The people shall be secure in their persons, houses, papers and possessions, from unreasonable search and seizure; and no warrant shall issue to search any place, or seize any person or thing, without describing them as nearly as may be, nor without probable cause supported by oath or affirmation.

Section 10 is the counterpart to the Fourth Amendment to the U.S. Constitution. *Combs v. Commonwealth of Ky.*, 965 S.W.2d 161 (Ky.1998). Kentucky's Supreme Court has held that the state constitution provides no greater protection than that provided by the Fourth Amendment of the U.S. Constitution. *LaFollette v. Commonwealth of Ky.*, 915 S.W.2d 747, 748 (Ky. 1996) (citing *Estep v. Commonwealth of Ky.*, 663 S.W.2d 213 (Ky. 1983)). Because the Fourth Amendment itself does not serve as a basis for Plaintiff's claim, the Court likewise concludes that Section 10 of Kentucky's Constitution does not afford the protection Plaintiff seeks. Therefore, this claim fails and must be dismissed.

### 3.      Fourteenth Amendment Due Process

Plaintiff's claim more properly falls within the purview of the Fourteenth Amendment's protection, which provides that the state may not deprive a person of his property without due process of law. In *Hudson*, the Supreme Court stated that an unauthorized, intentional deprivation of property by a state employee "does not constitute a violation of the procedural

requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533.  Only after the state refuses to provide "a suitable postdeprivation remedy" does its liability in such a situation accrue.  *Id.* ("For intentional ... deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.").

An inmate may, however, bring a due process claim without showing that the state possesses an adequate postdeprivation remedy where the state employee deprived the prisoner of property, pursuant to "an established state procedure." *Id.* at 534.   In those circumstances, the Supreme Court opined that the state can provide a predeprivation hearing.  *Id.*  Yet, under this rationale merely because the individual employee himself may foresee the intentional deprivation, his foresight alone is simply insufficient to hold the state itself liable.  Rather, "[t]he controlling inquiry is solely whether the state is in a position to provide for predeprivation process." *Id.*  The Sixth Circuit has, thus, held that to prevail on a procedural due process claim, a plaintiff must (1) demonstrate that he is deprived of property as a result of established state procedure that itself violates due process rights; or (2) prove that the defendants deprived him of property pursuant to a "random and unauthorized act" and that available state remedies would not adequately compensate for the loss.  *See Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991).  An inmate has the burden of pleading and proving that the state remedies for redressing the wrong are inadequate.  *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir.1983).  Kentucky's statutory remedy for such losses has been deemed adequate.  *Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).

Here, Plaintiff failed to meet his burden.  He does not allege that the deprivation occurred

6

as a result of an established policy.  While he claims that Defendant Worley intentionally deprived him of property without due process, he fails to show that he does not possess an adequate postdeprivation remedy to redress this wrong.  Plaintiff has failed to state a cognizable claim under either theory of recovery.  The Court will, therefore, dismiss his Fourteenth Amendment claim premised on the deprivation of property without due process of law.

### 4.      Fourteenth Amendment Equal Protection

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV.  "To establish a claim for relief under the Equal Protection Clause, a plaintiff must demonstrate that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis."  *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 298 (6th Cir. 2006).  Additionally, the Sixth Circuit holds that:

> To establish a violation of the Equal Protection Clause, a prisoner must prove that a discriminatory intent or purpose against a disfavored class or excluded group was a factor in an action taken by prison officials.  *See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265, 50 L. Ed. 2d 450, 97 S. Ct. 555 (1977).  The occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of constitutional magnitude.  *See Torres v. Oakland County*, 758 F.2d 147, 152 (6th Cir. 1985). The petty exchanges of insults between a prisoner and guard do not amount to constitutional torts. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987) (per curiam).

*Owens v. Johnson*, No. 99-2094, 2000 U.S. App. LEXIS 15541, at *4-5 (6th Cir. Jun. 23, 2000).

Here, Plaintiff has failed to allege that he has been treated differently than other similarity situated prisoners.  Moreover, his allegations related to any racial or religious slurs Defendant Worley made are insufficient to support an equal protection claim.

7

> **5.       Sixth Amendment Compulsory Process**

Pursuant to the Sixth Amendment to the United States Constitution, a defendant has a right "to have compulsory process for obtaining witnesses in his favor . . . ." U.S. Const. amend. VI. Plaintiff has made no showing whatsoever how Defendant Worley violated his right to compulsory process. This claim will be dismissed.

> **6.       Eighth Amendment Claim**

The Supreme Court has held that the Eighth Amendment prohibition against cruel and punishment "prohibits punishment which, although not physically barbarous 'involve[s] the unnecessary and wanton infliction of pain.'" *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). To establish an Eighth Amendment violation premised on unconstitutional conditions of confinement, an inmate must show that he has been deprived of the minimum civilized measures of life's necessities. *Id.* at 347; *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992). First, Plaintiff does not allege that Defendant Worley inflicted pain on him. While he may have pushed or shoved him, Plaintiff has not alleged that this conduct actually injured him. Additionally, with respect to his complaint that Defendant Worley harassed and tried to provoke him, the Sixth Circuit has held that such behavior does not constitute punishment within the meaning of the Eighth Amendment. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987). Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Id.* As such, the Court will dismiss Plaintiff's Eighth Amendment claims against Defendant Worley.

> **D.      Defendant Dunlap**

Plaintiff alleges that Defendant Dunlap "approved Carlton Worley's actions and was totally aware of the above and abetted Worley by Dunlap's knowledge of, and condoning of the

above violations, thereby also being liable in violating my rights."  Plaintiff also alleges that

"Joel Dunlap, *et al.* are aware of the following violation(s):  in 3 cellhouse, 14 walk (the 'so-

called' 'nut walk') is illegal (as is the jail at Paducah City Hall) because there is absolutely no

source, nor means for direct or indirect sunlight available to prisoners forced to be housed there."

Section 1983 liability must be based on more than respondeat superior or the right to

control employees.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Leary v.*

*Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.

1999).  "Liability under § 1983 must be based on active unconstitutional behavior and cannot be

based upon 'a mere failure to act.'"  *K.F. v. Jefferson County Sch. Dist.*, No. 3:05CV-246-H,

2007 U.S. Dist. LEXIS 30707, at *8 (W.D. Ky. Apr. 25, 2007) (quoting *Shehee*, 199 F.3d at

300); *see also Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988) ("Even assuming the allegations

in [plaintiff's] complaint are true, she has not averred that 'any of the supervisory officials who

[are] defendants in this case actively participated in or authorized any harassment' . . . . At best,

she has merely claimed that the appellants were aware of alleged harassment, but did not take

appropriate action.  This is insufficient to impose liability on supervisory personnel under §

1983.").  Thus, Plaintiff cannot predicate claims against Defendant Dunlap based solely on his

alleged awareness of certain violations at KSP.

Additionally, to the extent that Plaintiff is attempting to assert an Eighth Amendment

claim related to the lack of natural light on the "3-14 walk" he fails to state a claim because he

has not sufficiently articulated how the lack of natural sunlight has endangered his health.  *See*

*Richard v. Reed*, 49 F. Supp. 2d 485, 486 (E.D. Va. 1999) (holding that plaintiff failed to meet

the injury requirement of the Eighth Amendment where plaintiff's "only statement regarding any

injury is his assertion that defendants place his health in danger through the possibility of

exposure to illnesses caused by lack of exposure to direct sunlight.").

**E.     Defendant Airmart**

With respect to Airmart, Plaintiff alleges as follows:

Airmart (who runs the kitchen food service) and menus deliberately creates the following hazards: They never serve peanuts nor peanut butter; they never serve spinach; they never serve broccoli, as they only serve broccoli stems; the bananas they serve are only half the size of a normal, regular size banana and are too often not ripe (being too green rather than yellow). They often serve their "farm-grown" crab apples which cause dehydration, because of diarrhea. When they serve orange juice it is only four ounce container size, rather than eight ounces; they never serve raisins, nor any grapes, nor plums nor prunes. The Airmart kitchen does not serve a full bowl of dry cereal (such as cheerios or cornflakes) and when I filed the lack of proper ounces being served, they discontinued using bowls they were using. The above denied proper nor adequate nutrition, minerals, nor vitamins, etc., and endangers good health, and lowers or eliminates the immunity to diseases, this is a willful endangerment and violates the Eighth Amendment.

The Eighth Amendment protects prisoners from being deprived of food. *See Clark-Murphy v. Foreback*, 439 F.3d 280, 292 (6th Cir. 2006) (inmate "had a clearly established right not to be deprived of food and water"). "Depriving an inmate of food or serving him contaminated food states a claim for a violation of the Eighth Amendment." *Thompson v. Mich. Dep't of Corr.*, No. 99-2076, 27046, 2000 U.S. App. LEXIS 27046, at *2 (6th Cir. Oct. 20, 2000). However, while Plaintiff may wish the prison menu had more variety, prison food is not required to be tasty or widely varied. *See Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977). Indeed, the Sixth Circuit has held that a diet of solely a food loaf does not violate the Eighth Amendment because nutritional and caloric requirements are met. *See, e.g., Payton-Bey v. Vidor*, No. 94-2472, 1995 U.S. App. LEXIS 32928, at *1 (6th Cir. Oct. 12, 1995).

While Plaintiff alleges that Airmart does not serve certain foods, he has not alleged that the prison fails to incorporate foods from all four food groups into its menu, is totally lacking in certain essential vitamins or minerals, or fails to provide him with enough calories to meet his

daily needs.  As such, Plaintiff has failed to state a valid Eighth Amendment claim against Airmart.  Likewise, the fact that Plaintiff alleges that the apples served by Airmart gave him diarrhea on a few isolated occasions is insufficient to state a claim under the Eighth Amendment.

## F.  Defendant Campbell

With respect to Defendant Campbell, Plaintiff alleges: "Defendant Campbell refuses constantly to send me requested legal materials, such as Form AO 240, and copies of legal materials, plus rules of habeas corpus, etc., which is a denial of access to the Courts."

"In order to state a claim for interference with access to the courts, however, a plaintiff must show actual injury."  *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (noting that "the requirement that an inmate show 'actual injury' derives from the constitutional principle of standing")).  "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline."  *Id.*  at 578.  Here, Plaintiff has not alleged that Defendant's Campbell's actions have actually prevented him from meaningfully accessing the courts.  As such, he does not have standing to bring a denial of access to the courts claim, and the Court must dismiss it.

## G.  Defendant Treat

With respect to Defendant Treat, Plaintiff alleges: "Patti Treat attempted to block my grievance in regard to me prosecuting (via this lawsuit) Guard Carlton Worley for his aforementioned (above) acts of racial and religious hatred, violating my civil rights; thus Patti Treat abetted Worley and is also liable."  Thus, Plaintiff's chief complaint against Defendant Treat appears to be that she did not properly process the grievances he filed against Worley.  However, there is "no constitutionally protected due process interest in unfettered access to a

11

prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 Fed. Appx. 441, 445 (6th Cir. 2005).  By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance.  *See, e.g.*, *Shehee,* 199 F.3d at 300 (reversing denial of summary judgment to prison officials whose only involvement was the denial of administrative remedies).  As such, Plaintiff's claims against Defendant Treat will be dismissed.

## H.    Claims Against Guards Lamb and Roberts

Plaintiff states "a guard named Lamb did refuse to give me clean sheets nor books and came in this residence and ransacked all my personal property and also destroyed much of my personal property.  This violated the Sixth Amendment Compulsory process, Fourth Amendment Seizure, Due Process, and Eighth Amendment, and he displayed his racial prejudice and religious bias and hatred."

Plaintiff also alleges that "Guard Roberts opened my door even when/after I told him I did not want recreation (exercise).  The action of Roberts became wilful endangerment when he opened my door as I lay in bed.  This violated the Sixth Amendment compulsory process and the 8th Amendment."

There is no "Guard Lamb" or "Guard Roberts" listed in the caption or parties section of Plaintiff's complaint.  Federal Rule of Civil Procedure 10(a) requires that "[i]n the complaint the title of the action shall include the names of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties."  As such, Guard Lamb and Guard Roberts are not considered parties to this action.  Even if they were, however, Plaintiff has failed to allege cognizable claims against them.

 Plaintiff's claim that Guard Lamb searched his cell and destroyed some of his personal

property fails for the reasons discussed in Section III.C.  Additionally, depriving an inmate of clean sheets and books does not rise to the level of an Eighth Amendment violation.  Likewise, opening the door of Plaintiff's cell does not amount to a violation of either the Sixth or Eighth Amendment.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:      Plaintiff, *pro se*
         Defendants
4413.008

13